a mortgage and the defendant Blass demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and because there was a defect of parties defendant. The complaint was sufficient as against the defendant Blass and the judgment should be affirmed, with costs. Pratt, J., concurred; Brown, P. J., not sitting.

William Hollingsworth, Respondent, v. The Long Island Railroad Company, Appellant. — Judgment affirmed, with costs.—

PRATT, J.: The case went to the jury on the point as to whether the injury was caused by the defective brake. The verdict establishes that to be the fact, and from that we think defendant's liability results. We are not able to agree with defendant's counsel that the railroad company owed no duty to the plaintiff in respect to that brake. The perils of his occupation which he assumed did not include defective rolling gear of which he had no notice. The court correctly held that concurring negligence of a co-employee did not relieve defendant from responsibility. (*Lally* v. *N. Y. C. & H. R. R. R Co*, 107 N. Y, 566.) The verdict was not exces-

sive. Judgment affirmed, with costs. Brown, P. J.. and Dykman, J., concurred.

The Noyac Cottage Association, Plaintiff, v. Newton E. Whiteside, Defendant; The Noyac Cottage Association, Plaintiff, v. Henry G. Atwater, Defendant; The Noyac Cottage Association, Plaintiff, v. Lucius J. Whitney, Defendant.—Exceptions overruled and judgment ordered on the verdicts, with costs. No opinion. All concur.

Charles H. Schwarz, Respondent, v. Long Island City, Appellant.—Judgment affirmed, with costs. No opinion. All concur.

Margaret Fox, Respondent, v. Mary P. De Graff, Executrix, etc., Appellant. — Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal by the defendant from a judgment in favor of the plaintiff entered upon the report of a referee. The action was brought to recover for the board of Robert De Graff under a contract with the defendant's testator. The agreement was established and the report is sustained by proof, and no question of law is involved. Judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

---

## DECISIONS HANDED DOWN DECEMBER 27, 1895.

Matter of Application of Michael T. Daly, as Commissioner of Public Works of the City of New York, etc., under Chapter 189 of the Laws of 1893 to Acquire Certain Real Estate, etc.—Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: This is an appeal from an order made at Special Term involving the allowance made attorneys of record in this proceeding. The statute authorizing and regulating the proceeding provides that "such allowance for counsel fees as may be made by order of the court shall be final, etc." It is plain that the commissioners had no authority to fix any allowance, but the power was vested in the court. It was, therefore, a matter of discretion to be fixed in view of all the circumstances. The sum allowed did not exceed the limit prescribed by section 3255 of the Code of Civil Procedure and was not an abuse of the discretion vested in the judge presiding at Special Term. The case involved much labor and responsibility and required great care and much time in its management; in addition, new duties were imposed upon the attorneys subsequent to the hearing before the court upon the first presentation of the commissioners' report. The proceeding involved the taking of 113 parcels of land, and the awards exceeded $150,000, and the time required was over two years. During all this time the case called for constant attention. Under all the facts and circumstances we cannot say the amount allowed was unreasonable. Order affirmed, with costs and disbursements. Brown, P. J., concurred; Dykman, J., not sitting.

Arthur W. Caziarc, Respondent, v. Abram French Company, Appellant.—Order modified by striking out the name of the person in whose presence the plaintiff was seen intoxicated, and, so modified, affirmed, without costs.—

PRATT, J.: This is an appeal from an order requiring the defendant to serve a verified bill of particulars of the matter set up in the answer. In addition to a general denial, the defendant has set up in what way he claims

the plaintiff has broken the contract of employment, and it is only fair the plaintiff should be apprised of the time and place, when and where, the occasions took place upon which he intends to offer proof. He will not be required to disclose his evidence or the names of his witnesses. The order went too far in requiring the defendant to state the names of the persons in whose presence the plaintiff was intoxicated; with the modification of striking out that part of the order, the order appealed from is affirmed, without costs to either party. All concur.

Alexander Smith & Sons' Carpet Company, Respondent; v. Halcyon Skinner, Appellant. —Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: The Special Term places this case on the proper ground. The patent No. 543,659 is shown by moving affidavits to belong in equity to plaintiff, while the proper title is held by defendant. He refuses to assign, and upon these facts an injunction *pendente lite* against his transferring the patent to strangers is a matter of course. Strict proof that defendant threatens to sell is not required. From the fact that defendant unjustly refuses to assign to plaintiff, the court may well infer an intent to use the patent unlawfully. It is objected that it is not specifically shown when the discovery covered by patent No. 543,659 was made, and, therefore, it may have been made before 1874, when the contract was executed upon which plaintiff's rights depend. It is shown to be for an improvement on patent No. 186,374, issued in 1877. The court will take judicial notice of the course of business in the patent office, and that No. 543,659 is an issue of later date than No. 186,374. We think the appeal without merit. Order appealed from affirmed, with costs. All concur.

The Unionville Silk Manufacturing Company, Appellant, v. C. W. Peasley and Another, Respondents.—Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

James H. Ryan v. Francis Pistone.—Motion to